**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

**KIMBERLY ANNE EKBLADE,**                    **BANKRUPTCY CASE**
                                               **NO.: 8:12-bk-10827-MGW**


            **Debtor.**                        **CHAPTER 7**

_____/

**STEPHEN L. MEININGER, as Chapter 7**
**Trustee of the estate of KIMBERLY ANNE**
**EKBLADE,**

            **Plaintiff,**
                                               **ADVERSARY PROCEEDING**
**v.**                                         **NO.: 8:14-ap-00053-MGW**

**ICON EQUITIES, LLC, a Nevada limited**
**liability company,**
**PORTFOLIO RECOVERY ASSOCIATES,**
**LLC, a Delaware limited liability company,**
**GE CAPITAL RETAIL BANK, a federal**
**savings bank, d/b/a SAMS CLUB CARD and**
**GE CAPITAL RETAIL BANK, a federal**
**savings bank, d/b/a WAL-MART CARD,**

            **Defendants.**
_____/

### COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES

**COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy

estate of Kimberly Anne Ekblade, by and through the undersigned law firm, and sues

Defendants, Icon Equities, LLC, a Nevada limited liability company, Portfolio Recovery

Associates, LLC, a Delaware limited liability company, GE Capital Retail Bank, a federal

savings bank, d/b/a Sams Club Card and GE Capital Retail Bank, a federal savings bank, d/b/a Wal-Mart Card and alleges as follows:

## PRELIMINARY STATEMENT

1.      On or about July 16, 2012 (the "Petition Date"), the Debtor, Kimberly Anne Ekblade, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2.      Plaintiff brings this action pursuant to 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

3.      The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4.      Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Kimberly Anne Ekblade ("Ekblade" or "Debtor").  Ekblade is a natural person resident in the City of Lakeland, County of Polk, State of Florida, where the causes of action arose and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" under Fla. Stat. § 559.72.

5.      Defendant, Icon Equities, LLC, a Nevada limited liability company, together with its collecting agents ("Icon Equities"), doing business in the State of Florida, is a "debt collector"

as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6), and is a "person" under Fla. Stat. § 559.72.

6.      Defendant, Portfolio Recovery Associates, LLC, a Delaware limited liability company, together with its collecting agents ("Portfolio"), doing business in the State of Florida, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6), and is a "person" under Fla. Stat. § 559.72.

7.      Defendant, GE Capital Retail Bank, a federal savings bank, d/b/a Sams Club Card, together with its collecting agents ("Sam's Club Card"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a "person" under Fla. Stat. § 559.72.

8.      Defendant, GE Capital Retail Bank, a federal savings bank, d/b/a Wal-Mart Card, together with its collecting agents ("Wal-Mart Card" or collectively with Icon Equities, Portfolio, and Sam's Club Card, "Defendants"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a "person" under Fla. Stat. § 559.72.

9.      All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

10.     The Defendants' communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation

failed, as demonstrated by Debtor expressly communicating to the Defendants to stop calling Debtor.

11.     The Defendants' communications set forth below are wholly without excuse.

12.     At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

## FACTUAL ALLEGATIONS

13.     Debtor is alleged to owe debts (the "Alleged Debt"), including without limitation, debts on Schedule F of the Debtor's bankruptcy schedules bearing account numbers ending 5712 and 8023 in the total amount of $3,624.00, which Defendants were attempting to collect from Debtor before filing for bankruptcy.

14.     The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on August 16, 2012.

15.     Defendants made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

16.     It was the substance of the testimony of the Debtor, sworn and under oath at the 341 Hearing, that:

> a) Sam's Club Card and Wal-Mart Card made five to six Collection Calls to Debtor each day, every day of the week.

b) Sam's Club Card and Wal-Mart Card made Collection Calls to Debtor after Debtor told Sam's Club Card and Wal-Mart Card that Debtor could not pay the Alleged Debt.

c) Sam's Club Card and Wal-Mart Card made Collection Calls to Debtor after Debtor told Sam's Club Card and Wal-Mart Card to stop calling Debtor regarding the Alleged Debt.

d) Debtor retained counsel, Jay M. Weller, Esq., in 2010 to represent Debtor regarding the Alleged Debt.

e) Sam's Club Card and Wal-Mart Card made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card and Wal-Mart Card of retained counsel and provided counsel's contact information.

17.    Based upon information obtained by Plaintiff from Sam's Club Card and Wal-Mart Card:

a) Sam's Club Card sold the Alleged Debt to Portfolio on May 19, 2011.

b) Wal-Mart Card sold the Alleged Debt to SquareTwo Financial Corporation on December 20, 2011.

18.    Based upon information obtained by Plaintiff from SquareTwo Financial Corporation:

a) SquareTwo Financial Corporation sold the Alleged Debt to Icon Equities on January 13, 2012.

19.    Defendants, during the time frames set forth for each above, made Collection Calls to Debtor as alleged in paragraphs in paragraphs 15-16, identifying themselves by the Alleged Debt.

20.    Defendants, during the time frames set forth for each in paragraphs 15-18, (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Defendants of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq*. AS TO COLLECTOR DEFENDANT ICON EQUITIES

21.    This is an action against Icon Equities for violations of 15 U.S.C. § 1692 *et seq*.

22.    Plaintiff re-alleges and reincorporates paragraphs 1 through 20, as if fully set forth here-in.

23.    Icon Equities, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication: (i) through telephone and data lines linking Icon Equities with GE Capital Retail Bank's systems and communications and (ii) to communicate with Debtor.

24.    The principal business of Icon Equities is the collection of debts and Icon Equities regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

25.    The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.    The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

27.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt ––

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

28.     Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692c(a)(1) when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is Collector Defendant communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

29.     Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt ––

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

30.     Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692c(a)(2) when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is Icon Equities communicating with Debtor when Icon Equities knew Debtor was represented by an attorney or could readily ascertain such information, in connection with the collection of the Alleged Debt.

31.     Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

32.     Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692d when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is conduct by Icon Equities the natural consequence of which is to harass, oppress, or abuse Debtor in connection with the collection of the Alleged Debt.

33.     Section 15 U.S.C. § 1692d (5) provides in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

34.     Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692d (5) when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which was Icon Equities engaging Debtor in telephone conversation repeatedly or continuously intending to annoy, abuse or harass Debtor.

35.     Section 15 U.S.C. § 1692e provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36.     Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692e when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six

Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which was use of false, deceptive, or misleading representation or means by Icon Equities that Icon Equities could collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt.

37.    Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of —

(A) the character, amount, or legal status of any debt;

38.    Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692e (2) when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact

information; which is Icon Equities using false representation of the character, amount, or legal status of the Alleged Debt as a debt that could be collected by abuse and harassment and unfair and deceptive practices, in connection with the collection of the Alleged Debt.

39.     Section 15 U.S.C. § 1692e (5) provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

40.     Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692e (5) when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is a threat by Icon Equities to Debtor to take an action to continue to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices, which is an action that Icon Equities cannot legally take.

41.     Section 15 U.S.C. § 1692e (10) provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

42.    Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692e (10) when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which was Icon Equities' use of false representation or deceptive means to collect or attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA.

43.    Section 15 U.S.C. § 1692f provides in pertinent part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

44.    Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692f when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection

Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is Icon Equities using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

45. As a result of Icon Equities' violation of the FDCPA, Debtor have been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

46. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Icon Equities has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT ICON EQUITIES

47. This is an action against Icon Equities for violations of Fla. Stat. § 559.55 *et seq*.

48. Plaintiff realleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

49.     Icon Equities is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

50.     The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

51.     Icon Equities communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

52.     Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

53.     Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated Fla. Stat. § 559.72(7) when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Icon Equities to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Icon Equities of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is a willful communication with the Debtor with such frequency that Icon Equities could reasonably expect such communication to harass Debtor, or which is a

willful engagement by Icon Equities in other conduct, which could reasonably be expected to abuse or harass Debtor.

54.    Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

55.    Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated Fla. Stat. § 559.72(9), second half, when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Icon Equities that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Icon Equities of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt and by unfair and deceptive practices, which is a right Icon Equities knows does not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

56.    Fla. Stat. § 559.72 (18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

57.     Icon Equities, during the time frame set forth for it in paragraphs 15-18, violated Fla. Stat. § 559.72(18) when Icon Equities (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtor after Debtor retained counsel, informed Icon Equities of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; which is a communication with Debtor by Icon Equities where Icon Equities knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

58.     As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Icon Equities is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

59.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Icon Equities as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

60.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Icon Equities finding that Icon Equities violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT III

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq*. AS TO COLLECTOR DEFENDANT PORTFOLIO**

61.     This is an action against Portfolio for violations of 15 U.S.C. § 1692 *et seq*.

62.     Plaintiff re-alleges and reincorporates paragraphs 1 through 20, as if fully set forth here-in.

63.     Portfolio, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication: (i) through telephone and data lines linking Portfolio with GE Capital Retail Bank's systems and communications and (ii) to communicate with Debtor.

64.     The principal business of Portfolio is the collection of debts and Portfolio regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

65.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

66.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

67.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt ——
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

68.     Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692c(a)(1) when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six

Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is Collector Defendant communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

69.    Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt —–

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

70.    Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692c(a)(2) when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is Portfolio communicating with Debtor when Portfolio knew Debtor was represented by an attorney or could readily ascertain such information, in connection with the collection of the Alleged Debt.

71.    Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

72.    Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692d when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is conduct by Portfolio the natural consequence of which is to harass, oppress, or abuse Debtor in connection with the collection of the Alleged Debt.

73.    Section 15 U.S.C. § 1692d (5) provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

74.    Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692d (5) when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six

Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which was Portfolio engaging Debtor in telephone conversation repeatedly or continuously intending to annoy, abuse or harass Debtor.

75.     Section 15 U.S.C. § 1692e provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76.     Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692e when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which was use of false, deceptive, or misleading representation or means by Portfolio that Portfolio could collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt.

77.     Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –-

 (A) the character, amount, or legal status of any debt;

78. Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692e (2) when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; which is Portfolio using false representation of the character, amount, or legal status of the Alleged Debt as a debt that could be collected by abuse and harassment and unfair and deceptive practices, in connection with the collection of the Alleged Debt.

79. Section 15 U.S.C. § 1692e (5) provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

80. Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692e (5) when Portfolio (1) made multiple Collection Calls each day, on multiple

days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is a threat by Portfolio to Debtor to take an action to continue to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices, which is an action that Portfolio cannot legally take.

81.     Section 15 U.S.C. § 1692e (10) provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

82.     Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692e (10) when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of

retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which was Portfolio's use of false representation or deceptive means to collect or attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA.

83.    Section 15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

84.    Portfolio, during the time frame set forth for it in paragraphs 15-18, violated 15 U.S.C. § 1692f when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is Portfolio using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

85.    As a result of Portfolio's violation of the FDCPA, Debtor have been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

86.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Portfolio has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT PORTFOLIO

87.    This is an action against Portfolio for violations of Fla. Stat. § 559.55 *et seq*.

88.    Plaintiff realleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

89.    Portfolio is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

90.    The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

91.    Portfolio communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

92.    Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

93.     Portfolio, during the time frame set forth for it in paragraphs 15-18, violated Fla. Stat. § 559.72(7) when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Portfolio of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is a willful communication with the Debtor with such frequency that Portfolio could reasonably expect such communication to harass Debtor, or which is a willful engagement by Portfolio in other conduct, which could reasonably be expected to abuse or harass Debtor.

94.     Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

95.     Portfolio, during the time frame set forth for it in paragraphs 15-18, violated Fla. Stat. § 559.72(9), second half, when Portfolio (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Portfolio that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Portfolio to stop calling Debtor regarding the

Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed

Portfolio of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all

of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt

and by unfair and deceptive practices, which is a right Portfolio knows does not exist, in

violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

96.    Fla. Stat. § 559.72 (18) provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

97.    Portfolio, during the time frame set forth for it in paragraphs 15-18, violated Fla.

Stat. § 559.72(18) when Portfolio (1) made multiple Collection Calls each day, on multiple days,

in multiple weeks, over multiple months, including without limitation from July 1, 2011 through

January 31, 2012 to Debtor attempting to collect the Alleged Debt; and (2) made Collection Calls

to Debtor after Debtor retained counsel, informed Portfolio of retained Jay M. Weller, Esq., in

2010 and provided counsel's contact information; which is a communication with Debtor by

Portfolio where Portfolio knew Debtor was represented by an attorney as to the Alleged Debt

and knew, or could readily ascertain, the attorney's name and address.

98.    As a result of the above violations of the FCCPA, Debtor has been damaged

including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness,

anger, and loss of capacity to enjoy life and Portfolio is liable to Plaintiff for actual damages,

statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. §
559.77(2).

99.     Based upon the willful, intentional, knowing, malicious, repetitive and
continuous conduct of Portfolio as described herein, Plaintiff is also entitled to an award of
punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

100.    All conditions precedent to this action have occurred, have been satisfied or have
been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against
Portfolio finding that the Portfolio violated the FCCPA, awarding Plaintiff actual damages,
statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2),
and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

<u>**COUNT V**</u>

**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT,
FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT SAM'S CLUB CARD**

101.    This is an action against Sam's Club Card for violations of Fla. Stat. § 559.55 *et
seq.*

102.    Plaintiff realleges and incorporates paragraphs 1 through 20, as if fully set forth
herein.

103.    Sam's Club Card is engaged in the business of soliciting consumers for debts and
collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

104.    The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

105.     Sam's Club Card communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

106.     Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

107.     Sam's Club Card violated Fla. Stat. § 559.72(7) when Sam's Club Card (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Sam's Club Card that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Sam's Club Card to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is a willful communication with the Debtor with such frequency that Defendant could reasonably expect such communication to harass Debtor, or which is a willful engagement by Defendant in other conduct, which could reasonably be expected to abuse or harass Debtor.

108.     Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

109.    Sam's Club Card violated Fla. Stat. § 559.72(9), second half, when Sam's Club Card (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Sam's Club Card that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Sam's Club Card to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt and by unfair and deceptive practices, which is a right Defendant knows does not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

110.    Fla. Stat. § 559.72 (18) provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

111.    Sam's Club Card violated Fla. Stat. § 559.72(18) when Sam's Club Card (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtor after Debtor retained counsel, informed Sam's Club Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's

contact information; which is a communication with Debtor by Sam's Club Card where Sam's Club Card knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

112.    As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Sam's Club Card is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

113.    Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Sam's Club Card as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

114.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Sam's Club Card finding that the Sam's Club Card violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## <u>COUNT VI</u>

### <u>VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT WAL-MART CARD</u>

115.    This is an action against Wal-Mart Card for violations of Fla. Stat. § 559.55 *et seq.*

116.    Plaintiff realleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

117.    Wal-Mart Card is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

118.    The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

119.    Wal-Mart Card communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

120.    Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

121.    Wal-Mart Card violated Fla. Stat. § 559.72(7) when Wal-Mart Card (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Wal-Mart Card that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Wal-Mart Card to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Wal-Mart Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is a willful communication with the Debtor with such frequency that Defendant could reasonably expect such communication to

harass Debtor, or which is a willful engagement by Defendant in other conduct, which could reasonably be expected to abuse or harass Debtor.

122.    Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

123.    Wal-Mart Card violated Fla. Stat. § 559.72(9), second half, when Wal-Mart Card (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; (2) made five to six Collection Calls to Debtor each day, every day of the week; (3) made Collection Calls to Debtor after Debtor told Wal-Mart Card that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Wal-Mart Card to stop calling Debtor regarding the Alleged Debt; and (5) made Collection Calls to Debtor after Debtor retained counsel, informed Wal-Mart Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt and by unfair and deceptive practices, which is a right Defendant knows does not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

124.    Fla. Stat. § 559.72 (18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

125.    Wal-Mart Card violated Fla. Stat. § 559.72(18) when Wal-Mart Card (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from July 1, 2011 through January 31, 2012 to Debtor attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtor after Debtor retained counsel, informed Wal-Mart Card of retained Jay M. Weller, Esq., in 2010 and provided counsel's contact information; which is a communication with Debtor by Wal-Mart Card where Wal-Mart Card knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

126.    As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Wal-Mart Card is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

127.    Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Wal-Mart Card as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

128.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Wal-Mart Card finding that the Wal-Mart Card violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

Dated:  July 9, 2014

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Suite 210
Tampa, FL   33609
Phone: 813.289.3200
Facsimile: 813.289.3250

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee